PAYNE, Respondent, v. E. W. CLARK & OTHERS, Appellants.

1. A certificate of deposite made " payable to the order of the depositor on return of the certificate, sixty days after date, with interest at the rate of six per cent. per annum," will bear interest after maturity as well as be·fore   (LEONARD, J., dissenting.)

*Appeal from St. Louis Circuit Court.*

This a suit upon the same certificate of deposite as that involved in the suit of Payne v. Clark & Bros., formerly in this court, and reported 19 Mo. 152. The object of the present suit is to recover the amount mentioned in the body of the certificate—$1014. The only question now presented is as to

Payne v. Clark.

what amount of interest the plaintiff is entitled to recover. The certificate is as follows :

" Banking House of E. W. Clark & Bros.

" No. 760.        " St. Louis, Mo., 26th Feb'y, 1851.

" L. P. Payne has deposited in this office one thousand and fourteen dollars (in funds as below), payable to the order of himself, on return of this certificate, sixty days after date, with interest at the rate of six per cent. per annum.

" $1014.    " Currency,    -    -    -    $404  00
            " Cash,    -    -    -    -    1010  00
                                        _____
                                        " $1414  00
                        " E. W. CLARK & BROS."

The finding of the court is as follows : " That the defendants, on the 26th day of February, 1851, executed and delivered to the plaintiff the certificate upon which this suit is founded, being for the amount of money on that day deposited by the plaintiff with the defendants at their banking-house in the city of St. Louis, as set forth in the petition ; that some time in the month of July, 1851, the plaintiff caused the said certificate to be presented for payment at said banking-house, but, instead of demanding the sum justly due thereon, the agent who presented the certificate claimed the sum of $1414, together with interest thereon, which amount defendants refused to pay ; that a few days only previous to the commencement of this suit plaintiff again caused said certificate to be presented for payment at the same banking-house, when the agent of the plaintiff claimed of defendant the principal and interest on said certificate at the rate of six per cent. per annum up to the time of such last mentioned presentment or demand ; but defendants refused to pay the amount so demanded, but ·were ready and willing and offered to pay the amount of principal and interest thereon up to the maturity of the certificate, or for sixty days only, that being, as they stated, their understanding of the terms of the contract ; which sum plaintiff's agent refused to receive, and the certificate still remains

unpaid. At the time of the first presentation, no tender was proved by the defendants, but there was only a refusal to pay the sum demanded; but the defendants, at. the time of the maturity of the certificate, and always since, had on hand, at their banking-house, funds sufficient to meet this and all other liabilities, and plaintiff could at any time, either at or after the maturity of the certificate, by presenting the same at the banking-house of defendants, have procured the amount of principal and interest for the sixty days only, that is, in the aggregate, $1024 65, defendants regarding that as the extent of their liabilities.

Upon the facts as thus found, the court orders and adjudges that plaintiff do recover of the defendants the amount of principal upon the said certificate, with interest from the date of the same to the present date, (to be computed by the clerk,) together with costs of suit, and that execution issue therefor."

*Shepley*, for appellants.

*A. Buckner* and *Woods*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

Our opinion in this case is not influenced by the conduct of the parties. From the facts as they appear by the record, there is nothing in the conduct of Payne which merits any favor at the hands of the court. Were it a matter of discretion with us whether or not interest should be allowed to the plaintiff, as claimed by him, we would not hesitate to refuse it on the facts appearing in the case.

The reason given in the English books why interest is payable on a promissory note, that it is the duty of the debtor to seek his creditor and discharge his debt, is not the motive for allowing interest with us. In this state, a note payable on demand will bear interest from its date. Our statute regulating interest seems to be founded on the idea of the value of the use of money. Cases may occur in which a debtor may hold money for his creditor and make no use of it; but our

experience teaches us that, in most cases which occur, he who holds money which he owes to another, makes use of it, and our statute was designed to fix the value of that use. When a debt is made to bear interest from its date, and is payable at a given period, though some precedent act must be done by the terms of the contract before an action can be maintained for its recovery, there is no reason why the continuance of the interest should depend on the performance or non-performance of this precedent act. The interest allowed is for the use of the money, and the party who holds it has its use, and there is no reason why he should not pay for it. Our statute says, creditors shall be allowed to receive interest for all moneys, after they become due by any instrument of the debtor in writing. Here is an instrument in writing by which money is due, with interest, sixty days after date, on presentation of the instrument. Will any one say that the money on that instrument is not due sixty days after date? If it be necessary to present the instrument in order to maintain an action on it, how does that affect the question of interest under the statute? This is a question to be determined by our statute law, and for its solution we do not look to the laws, usages or customs of other places.

Persons not initiated in the mysteries of banking would take it for certain that such certificates would carry interest without interruption until they were paid, and, in their simplicity, would naturally suppose that the longer they were suffered to run, the more the bankers would be benefitted. If bankers wish to obtain the advantage sought in this case, there is no hardship in requiring them to express their contracts in such terms as will not mislead. The maxim, *verba chartarun fortius accipiuntur contra proferentem*, is one of strict justice in its application to such contracts. It may be said that bankers will give a greater interest when deposites are made for a definite time than when made subject to the call of the depositor ; that after the deposite becomes payable, the banker must keep on hand money for its liquidation, and therefore should

not be charged with interest. Banking may be carried on with money subject to call of the owner, and our statute has fixed the rate of interest on money due by an instrument after its maturity. Judge Ryland concurring, the judgment is affirmed; Judge Leonard dissents.