[No. 900.   October 1, 1901.]

# BANK OF COMMERCE, Appellant, v. GEORGE W. HARRISON, Appellee.

## SYLLABUS.

1. A certificate of deposit, like a deposit credited in a passbook, represents money actually left with the bank for safe-keeping; it is to be retained by the bank until demanded by the depositor, and the statute of limitations does not begin to run against it until presentation and demand of payment.

2. The rule which applies to negotiable instruments has no application to a certificate of deposit until the certificate has been endorsed and transferred by the original holder. Then a new relation arises between all parties, which must be tested by the rules and customs of the law merchant.

3. The time limit in a certificate of deposit fixes the time the deposit must remain with the bank before the depositor will be entitled to interest thereon. If a depositor withdraws his deposit before the expiration of the time limit, he thereby waives all claim of interest. It is within the power of the bank, after the expiration of the time limit, to call in a certificate of deposit, or to reduce the rate of interest agreed to be paid thereon, by proper notice to the holder of the certificate.

Appeal from the District Court of Bernalillo county; before J. W. CRUMPACKER, A. J. Affirmed.

STATEMENT OF THE CASE.

This is an appeal from a judgment recovered by Harrison, against the Bank of Commerce, for the sum of seven thousand nine hundred and ninety-three dollars and thirty-three cents, on a certificate of deposit issued by the bank to Harrison.

In December, 1890, George W. Harrison, the appellee, deposited with the Bank of Commerce, the appellant, the sum of five thousand dollars, and received from the bank a certificate of deposit therefor, in the following form:

"The Bank of Commerce, Albuquerque, N. M.
                                         "Dec. 13, 1890.
"Certificate for $5,000.                      No. 1022.

"This certifies that Dr. G. W. Harrison has deposited in this bank five thousand 00-100 dollars, which is payable on the return of this certificate properly endorsed.

"Six months after date, with interest at the rate of six per centum per annum.

                    "W. S. STRICKLAND, Cashier."

This certificate was made on a printed blank form. The words "six months after date, with interest at the rate of six per centum per annum" were written in at the end of the blank, and above the signature of the cashier.

On April 19, 1900, Harrison caused this certificate of deposit to be presented to the Bank of Commerce for the purpose of returning the same to the bank, as provided in the certificate, and demanded payment thereof in the sum of five thousand dollars, and interest thereon from the thirteenth day of December, 1890. The bank refused to make payment, and protest was then and

there made on account of the non-payment of the certificate.

On August 15, 1900, Harrison filed his complaint, setting forth the making and delivery of the certificate of deposit, demand of payment, and refusal on the part of the bank.

The bank demurred to the complaint, on the ground, first that the cause of action accrued more than six years before the commencement of the action, and is barred by the statute of limitations; second, the agreement of the bank was to pay only five thousand dollars, and interest for the period of six months; third, protest was unnecessary.

Concurrent with this demurrer, and on the same day, the bank filed its answer, which; first, admitted the making and delivery of the certificate of deposit; second, denied that it refused to pay the sum of five thousand dollars at the time demand of payment was made, and alleges that the bank offered to pay the sum of five thousand dollars and interest thereon for the period of six months, which was refused by the holder of the certificate; third, the bank has at all times since six months after the making and delivery of the certificate of deposit been ready to make such payment, and now brings the money into court, to-wit, the sum of five thousand one hundred and fifty dollars, being the amount of the certificate and six month's interest thereon; fourth, alleges the rule and custom of the bank as to payment of interset on certificates of deposit, of which plaintiff had knowledge; fifth, alleges that the cause of action set forth in plaintiff's complaint did not accrue within six years previous to the commencement of the action.

The plaintiff thereupon demurred to the answer, upon the following grounds; first, the answer does not state facts sufficient to constitute a defense; second, the sum tendered by the bank in payment was not the full amount due on the certificate of deposit; third, the allegation that the bank was at all times after the expi-

ration of six months from the making and delivery of the certificate of deposit, ready to pay the amount due thereon, constituted no defense; fourth, that the terms of the certificate of deposit did not require the plaintiff to present it for payment at the expiration of six months subsequent to the making and delivery thereof; fifth, that the rule or custom of the bank can not vary the terms of the certificate; sixth, that plaintiff's cause of action did not accrue until the month of April next preceding the commencement of this action.

On the hearing of these demurrers, the court, overruled the defendant's demurrer to the complaint, and sustained the demurrer of the plaintiff to the answer, and held that the plaintiff's complaint was sufficient in law to justify recovery. The defendant declined further to plead, and judgment, absolute was ordered in favor of the plaintiff and against the defendant for seven thousand nine hundred and ninety-three dollars and thirty-three cents, being the amount of the certificate of deposit and interest thereon at the rate of six per centum per annum from the date of the certificate up to the rendition of judgment. Defendant prayed appeal to this court, which was allowed.

F. W. CLANCY for appellant.

A certificate of deposit in the usual form, issued by a bank, and made payable to order or bearer, is negotiable, and a bona fide purchaser thereof for value, before maturity, without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper.

Bank of Peru v. Farnsworth, 18 Ill. 563.

Laughlin v. Marshall, 19 Ill. 390.

Bean v. Briggs, 1 Iowa 488; 63 Am. Dec. 464.

Huse v. Hamblin, 29 Iowa 501; 4 Am. Rep. 244.

Kilgore v. Bulkley, 14 Conn. 363.

Drake v. Markle, 21 Ind. 433.

National State Bank of Lafayette v. Ringle, 51 Ind. 393.

Johnson v. Henderson, 76 N. C. 227.

Pardee v. Fish, 60 N. Y. 265, 19 Am. Rep. 176.

Miller v. Austin, 54 U. S.; 13 How. 218; 14 L. Ed. 119.

Curran v. Witter, 68 Wis. 16; 60 Am. Rep. 827.

Moon v. Gano, 12 Ohio 300.

Howe v. Hartness, 11 Ohio St. 449; 78 Am. Dec. 312.

It is also equally well settled that where a certificate of deposit is transferred when overdue, the purchaser takes it subject to all defenses that could have been made, had it not left the hands of the payee.

Coye v. Palmer, 16 Cal. 158.

Tripp v. Curtenius, 36 Mich. 494, 24 Am. Rep. 610.

Britton v. Berry, 20 Neb. 325-330.

New York City Fifth Nat. Bank v. Edholme, 25 Neb. 741.

First Nat. Bank v. Security Nat. Bank, 51 N. W. 306.

If such a certificate is indorsed by the payee, "without recourse," notice can not be implied from such an indorsement alone.

Epler v. Funk, 8 Pa. 468.

Stevenson v. O'Neil, 71 Ill. 314.

Kelly v. Whitney, 45 Wis. 111, 30 Am. Rep. 697.

Tox. v. Kansas City Bank, 30 Kan. 441.

The tender of a certificate properly indorsed, is not a necessary condition precedent to maintain an action thereon.

Cassidy v. Faribault First National Bank, 30 Minn. 86.

Citizens National Bank v. Brown, 45 Ohio St. 39.

Brett v. Ming, 1 Fla. 447.

Hunt v. Divine, 31 Ill. 137.

Even as to certificates of deposit "in the ordinary form," that is, demand certificates, it has been held that the statute begins to run at once, the debt being immediately due.

Mitchell v. Easton, 37 Minn. 336.

Klauber v. Biggerstaff, 47 Wis. 551.

O'Neil v. Bradford, 1 Pin. 390, and cases there cited.

Kilgore v. Buckley, 14 Conn. 362.

Bank of Orleans v. Merrill, 2 Hill. 295.

Miller v. Austen, 13 How. 218.

The statute of limitations begins to run against a bankers certificate of deposit payable on demand from the date of the same, and no special demand is necessary to put the statute in motion.

Brummagim v. Tallant, 29 Cal. 503.

Cate v. Patterson, 25 Mich. 191.

Poorman v. Mills, 35 Cal. 118.

Payne v. Gardner, 39 N. Y. 146.

Munger v. Alabama City Nat. Bank, 85 N. Y. 589.

Nat. Bank of Fort Edwards v. Washington Co. Nat. Bank, 5 Hun 605.

Fellspoint Sav. Inst. v. Weedon, 18 Md. 320.

Bellows Falls Bank v. Rutland Co. Bank, 40 Vt. 377.

The transaction has, however, no element of a bailment.

Downs v. Phoenix Bank, 6 Hill 297.

Curran v. Witter, 68 Wis. 16.

Willet v. Phoenix Bank, 2 Duer. 121.

F. & M. Bank v. B. & D. Bank, 4 Kern. 624.

Smith v. Miller, 43 N. Y. 176, 3 Am. Rep. 690.

Meads v. Merchants Bank, 25 N. Y. 147.

Merchants Bank v. State Bank, 10 Wall. 648.

Girard Bank v. Bank of Penn., 39 Penn. St. 92.

Lynch v. Goldsmith, 64 Ga. 42.

The fact that the bank was willing and offered to pay $5,150, creates no obstacle to its pleading the bar of the statute as to anything beyond that amount.

Wilson v. Doran, 100 N. Y. 106.

Spalding v. Vandercook, 2 Wend. 431.

Readiness to pay at the time and place of payment, relieves from all liability for further interest or for costs.

Cheney v. Libby, 134 U. S. 83.

Ward v. Smith, 7 Wall. 450.

Cox v. Bank, 100 U. S. 713.

Wallace v. McConnell, 13 Pet. 150-1.

Walcott v. Van Stanvoord, 17 Johns. 252-3.

Caldwell v. Cassidy, 8 Cow. 271.

Lochlin v. Moore, 87 N. Y. 360.

Parker v. Stroud, 98 N. Y. 79-384.

The custom of the bank known to Harrison was a part of the contract.

McAllister v. Read, 4 Wend. 485.

Read v. McAllister, 8 Wend. 111.

Meech v. Smith, 7 Wend. 318.

Barclay v. Kennedy, 2 Fed. Cas. No. 976.

Isett v. Oglevie, 9 Iowa 313.

Bacus v. Minor, 3 Cal. 234.

Auzerais v. Naglee, 74 Cal. 70-1-2.

But interest will be denied where the custom between the parties, known to each other, has been not to charge interest.

Drug Co. v. Hvambsahl, 92 Wis. 62.

Chandler v. Bank, 61 Cal. 402.

These rules and customs of the bank can be given in evidence because they were known to the plaintiff.

WM. B. CHILDERS for appellee.

For the purposes of this case we may admit that a certificate of deposit has all the elements of a promissory

note, and the consequences claimed by the appellant do not follow. In Miller v. Austin, 13 Howard 226, held negotiable, and, therefore, the indorser was liable. It has never been held that an action accrued on it previous to a demand for payment.

"A certificate of deposit is a receipt of a banker or bank for a certain sum of money received upon deposit, and it is generally framed in such a form as to constitute a promissory note payable to the depositor, or to the depositor or order, or to bearer." 2 Daniels on Negotiable Instruments, sec. 1698, and it is not dishonored until presented.

Same authority, sec. 1698a, p. 704.

As to transfers and the liability of indorsers the rule is the same as in the case of promissory notes.

Same authority, sec. 1702.

But it is not regarded as overdue and dishonored until actually presented for payment when, as is usual, it is not payable at a particular time.

Same authority, sec. 1702a.

When the statute of limitations begins to run on certificates of deposit.

Same authority, sec. 1707 and 1707a.

No right of action exists against a depository of money until an actual demand of it, and such is the case though it is in the power of the owner of the deposit, to make it due and payable at any time by his own act of making the demand.

Payne v. Gardner, 29 N. Y. 146.

And in Pardee v. Fish, 60 N. Y. 265, 19 Am. Rep. 176, it is recognized that there is no right of action upon a certificate of deposit in ordinary form, issued by a bank until a demand of payment has been made. See also

Howell v. Adams, 68 N. Y. 314.

Boughton v. Flint, 74 N. Y. 476.

Munger v. Albany City Bank, 85 N. Y. 586.

Ordinary certificates of deposit bear interest from maturity. If such rule is not the intention of the banker, his contract should be expressed in such terms as will not be misleading.

> Payne v. Clark, 23 Mo. 261-2.
>
> Cordell v. First Nat. Bank, 64 Mo. 600.

The statute of limitations under the better authorities, "only begins to run" in the language of Daniels, "when there is an actual demand of payment in due form, and such demand must precede suit."

> Payne v. Gardner, 29 N. Y. 146.
>
> Howell v. Adams, 68 N. Y. 314.
>
> Boughton v. Flint, 74 N. Y. 476.
>
> Bellows Falls Bank v. Rutland Co. Bank, 40 V. T. 377.
>
> Fells Point Sav. Inst. v. Weedon, 28 Md. 320.
>
> Second Nat. Bank v. Wrightson, 63 Md. 81.
>
> Bank v. Ringle, 51 Ind. 393.
>
> Brown v. McElroy, 51 Ind. 404.
>
> Johnson v. Farmers' Bank, 1 Har. (Dela.) 117.
>
> Adams v. Orange County Bank, 17 Wend. 514.
>
> N. America, etc., v. Merchants Nat. Bank, 91 N. Y. 161.
>
> Lane on Banks and Banking, sec. 169, p. 290.
>
> 5 Am. Ency. of Law (2 Ed.), p. 804.

This certificate is more than a receipt. It is a written contract and can not be varied by parol evidence.

> Beems v. Scott, 117 U. S. 582.
>
> United States v. Isham, 17 Wall. 497.
>
> Bailey v. Hannibal, etc., Ry. Co., 17 Wall. 96.
>
> 2 Parsons on Bills and Notes, 501.
>
> Specht v. Howard, 16 Wall. 564.
>
> Forsythe v. Kimball, 91 U. S. 291.
>
> Bank of Uniontown v. Mackey, 140 U. S. 220.
>
> Pearce v. Strickler, 9 N. M. 477.

This certificate of deposit bears the strongest analogy to a coupon detached from a bond. Failure to

present the coupon for payment does not prevent the running of interest.

> Walnut v. Wade, 103 U. S. 696.
> Aurora City v. West, 7 Wall. 82.
> Clark v. Iowa City, 20 Wall. 583.
> Town of Genoa v. Woodruff, 92 U. S. 696.

The plain meaning of a written contract can not be varied by evidence of usage or custom. Only ambiguity or uncertainty renders extraneous evidence admissible, and then only for the purpose of clearing up the obscurity.

> · 2 Kent's Com., 556.
> 3 Ib. 260 and note.
> 1 Greenl., Ev., sec. 295.
> 2 Cromp & J. 294.
> 14 How. 445.
> 23 How. 534, Coop. Ed. p. 538.

See also Grace v. Am. Cent. Ins. Co., 109 U. S. 278.

> Partridge v. Phoenix Ins. Co., 15 Wall. 537.
> Ins. Co. v. Wright, 1 Wall. 456.
> 27 Am. and Eng. Ency. of Law, 718, 719, 720 and 721 and cases cited, and sec. 782.

As to place of payment see,

> Cox v. National Bank, 100 U. S. 712 cited by appellant.
> Foden & Slater v. Sharp, 4 Johns. (N. Y.) 183.
> Wolcott v. Van Santwood, 17 Id. 248.
> Walnut v. Ware, 103 U. S. 696.
> Watkins v. Crouch, 5 Leigh. 522.

See also Bowie v. Duval, 1 Gill. & Johnson 178.

> Bank v. Smith, 11 Wheat. 171.
> Ruggles v. Patten, 8 Mass. 480.
> Weed v. Houton, 4 Halst. N. Y. Rep. 189.
> McNairy v. Bell, 1 Yerger 50.

See also Sanderson v. Bowes, 13 Peters 149-150.

OPINION OF THE COURT.

McMILLAN, J.—The transaction of Harrison with the bank, upon which the certificate in question was issued, was a deposit, and not a loan. The certificate so stated on its face: "This certifies that Dr. G. W. Harrison has deposited, etc.," and it was so recognized by the parties to the transaction; this cause must therefore be considered and disposed of on this basis. The rule which applies to negotiable instruments should not be invoked with reference to a certificate of deposit, until the certificate has been indorsed and transferred by the original holder; then a new relation arises between all the parties, which must be tested by the rules and customs of the law merchant other than those applicable to the case at bar.

With the exception of its negotiable character, there is no distinction between a certificate of deposit and an ordinary deposit written on a bank book. Daniels on Negotiable Instruments, section 1698a, says: "The very nature of the instrument and the ordinary modes of business, show that a certificate of deposit, like a deposit credited in a pass book, is intended to represent moneys actually left with the bank for safe-keeping, which are to be retained until the depositor actually demands them, and it is not dishonored until presented."

A deposit draws no interest, is payable on demand, and the statute does not run against it. These are the inherent characteristics of a bank deposit, unless modified by some written condition. The ordinary deposit may be and often is modified by an entry in the bank book to the effect that interest will be allowed on all sums remaining on deposit for a term specified, or on monthly or quarterly balances. So, too, the terms of a certificate of deposit may be and often are modified by conditions written into it.

The trend of authorities is, however, that the statute of limitations does not begin to run on a certificate

of deposit until it has been presented for payment and demand made. In Daniels on Negotiable Instruments, section 1707a, it is stated: "If the statute of limitations begins to run at once, suit must of course be maintainable at once, and therefore no prior demand would be necessary. But such is not the usual contemplation of either the depositor or the bank. . . . The better opinion seems to us to be that the statute of limitations only begins to run when there is an actual demand of payment in due form, and that such demand must precede a suit. The bank may, indeed we think has, the right to pay the demand certificate, at any time, for the reason that the policy of the law interdicts a perpetual loan; and while the creditor holding the certificate may not regard the bank as in default, and is not himself in default until a demand has been made, yet these circumstances should not prevent the operation upon their certificates of deposit of the ordinary principle that a debtor owing a demand loan has the right to pay at any time."

In the case of Pardee v. Fish, 60 N. Y. 265, the court says: "It is recognized that there is no right of action upon the certificate of deposit in ordinary form, issued by a bank, until demand of payment has been made."

In Payne v. Gardner, 29 N. Y. 146-169, it is said: "The reason assigned by the learned judge why a special demand should be made in such a case, is 'that no one could desire to receive money in deposit for an indefinite period, with the right in the depository to sue the next moment, and without any prior intimation that he wished to recall the loan.' This presents the whole argument; the injustice of the opposite rule is so apparent that it needs but to be stated in order to be rejected. . . . I entertain no doubt but that the transaction in question was a deposit, and that the rights and liabilities of the parties are precisely the same as if the money had been in the bank; and hence there was no right of action against the depositaries until actual demand made, and

the statute of limitations began to run from the same time."

In Howell v. Adams, 68 N. Y. 314, it is said: "The defendant insists that the cause of action on the certificate, issued in 1863, was barred by the statute of limitations. The action was commenced in 1871, and it is claimed that the right of action accrued immediately on the issuing of the certificate, without previous demand. . . .

"We think it is in accordance with the general understanding of the commercial community that a bank is not liable to depositors except after demand of payment. The fact that a certificate is given on a deposit being made, payable on the return of the certificate, instead of leaving the deposit subject generally to check or draft, does not change the reason of the rule that the banker must first be called upon for payment before an action can be maintained."

In the case of Munger v. The Albany City National Bank, 85 N. Y. 580, the court says: "As the certificate of deposit was a negotiable instrument, and was by its terms payable only on the return of it to the bank that had issued it, it never accrued due and payable, never matured, until a return of it, and demand of payment made of it. This is of importance, and we think did not have full weight in the formation of the judgment of the court below. In the opinion at special term which we have mentioned, a distinction is made between a debt which by the terms of the instrument is due and payable not at a certain day, but at a time to be determined by an act of the holder and at his option. But the authorities in this State are that no right of action exists against a depositary of money until an actual demand of it, and that such is the case although it is in the power of the owner of the deposit to make it due and payable at any time by his own act of making the demand."

In Smiley v. Fray, 100 N. Y. 262, it is said: "Being a deposit, a demand of the money was essential to a right

of action, unless there was a wrongful conversion or loss by some gross negligence on the part of the depositary. The distinction between a deposit and a loan is considered in Payne v. Gardner, supra, and within the rule there laid down the instrument in question was a certificate of deposit, and in such a case no indebtedness arose by reason of such deposit until a demand was made for the amount deposited. . . .

"As the instrument in question was not a promissory note, but a certificate of deposit, the defense of the statute of limitations interposed by the defendants was not available, for the reason that the demand of the money deposited was not made prior to six years before the commencement of the action.

It, therefore, seems clear, from the authorities quoted, and the application of general legal principles, that a certificate of deposit in the ordinary form is not due until presentation and demand of payment made.

In the case at bar, a condition was written into the certificate and the main question presented on this appeal is the legal construction to be given this condition. The certificate recites that a deposit of five thousand dollars had been made by Harrison, which was payable on the return of the certificate properly indorsed. The condition follows, in these words: "Six months after date, with interest at the rate of six per centum per annum." It is clear that an agreement had been reached, between Harrison and the bank, that he should have interest at the rate of six per centum per annum, so that the technical question is the consideration of the effect of the words, "six months after date," written into the certificate.

It is urged, on the part of the appellant, that in the case of a certificate due on demand, it partakes of the characteristics of a promissory note, and no demand is necessary, but that the statute of limitations begins to run immediately after the certificate is issued. If this contention were true, interest would attach at once to

the certificate, as overdue paper, and words written into the certificate as to interest would have no application, except as to the rate of interest to be paid. In the case at bar, the legal rate and the rate agreed upon are identical, so that we are led to the conclusion that the parties understood that the certificate would not draw interest from its date, or from the expiration of six months from its date, without demand, but to entitle the holder to any interest the condition as to interest must be written into the certificate.

This being a deposit, and not a loan, it is clear the holder of the certificate could withdraw it from the bank at any time, except as limited by the conditions written into the certificate, which, when legally construed, mean nothing more or less than this: If the depositor allowed the deposit to remain with the bank for a period of six months, or more, he would be paid interest at the rate of six per cent for the period of time the deposit remained with the bank; if the deposit were withdrawn before the expiration of six months, all interest would be forfeited. A time limit in the certificate of deposit is part of the agreement, whereby the bank agrees to pay interest. If the deposit is allowed to remain with the bank for the period specified in the time limit, the bank can afford to pay the interest stipulated. The time limit is agreed upon and written into the certificate of deposit, because the bank can illy afford to pay interest if the deposit is left for an indefinite period at the option of the depositor. If the depositor sees fit to waive his interest, he may withdraw his deposit at any time, even when there is a time limit; but he can not have his deposit and interest if the deposit is withdrawn before the expiration of the time limited in the certificate of deposit.

This is the only just and legal construction that can be given the language used in the certificate. It can not be said that the words written into the certificate are clear and specific, and that different constructions may

not be contended for with a degree of plausibility, but in Payne v. Clark, 23 Mo. 261-2, the court says: "If bankers wish to obtain the advantages sought in this case, there is no hardship in requiring them to express their contract in such terms as will not mislead." In this last case, the certificate was substantially on all-fours with the certificate in this case, and of which the court says: "Here is an instrument in writing, by which money is due, with interest, sixty days after date, on presentation of the instrument. Will any one say that the money on that instrument is not due sixty days after date? If it be necessary to present the instrument in order to maintain action on it, how does that affect the question of interest under the statute? This is a question to be determined by our statute law, and for its solution we do not look to the laws, usages and customs of other places. Persons not initiated in the mysteries of banking would take it for certain that such certificates would carry interest without interruption until they were paid, and in their simplicity would naturally suppose that the longer they were suffered to run, the more the bankers would be benefited." This same question was considered in 64 Mo. 600, in which the court says: "The only question presented is whether a certificate of deposit, payable six months after date, with interest from date at six per cent per annum, continues to bear that rate of interest after the arrival of its maturity, although not presented when that period arrives. An affirmative answer to just this question was returned by this court twenty-one years ago in Payne v. Clark, 23 Mo. 259." In Zane on Banks and Banking, sec. 169, p. 290, it is laid down as a settled principle that, "the rule ought to be, in reason and common sense, that the statute begins to run, both upon deposits and upon certificates of deposit, whether payable on demand or not, from the demand, or from the refusal to pay the deposit, or some-

thing equivalent thereto, such as a notification that the bank will not pay, or its suspension."

There is no doubt that if the bank desired to stop the payment of interest on the certificate in question, but that it was its privilege to seek out the holder and tender payment thereof. It also has the right to reduce the rate of interest, by notice to that effect, leaving it to the option of the holder of the certificate to return the same and accept his money, or to allow it to remain on deposit under such new conditions as the bank may impose.

The certificate of deposit in the case at bar not having been presented for payment within six months after the making and delivery thereof, it drew interest at the rate of six per centum per annum up to the time of payment, and the statute of limitations would not begin to run against the certificate until after demand of payment had been made of the bank, and payment had been refused.

For the foregoing reasons, the judgment herein is affirmed. And it is so ordered.

Parker and McFie, JJ., concur. Crumpacker, J., having tried the case below did not participate in this decision, nor did Mills, C. J., who did not hear the argument on appeal.