**34 P.(2d) 1089**

**CULLENDER v. LEVERS.**

**No. 3917.**

Supreme Court of New Mexico.

July 23, 1934.

. See, also, 38 N. M. 112, 28 P.(2d) 533.

Reese & Reese, of Roswell, for appellant.

O. E. Little, of Roswell, for appellee.

SADLER, Justice.

This appeal presents for construction a contract of guaranty appearing on the note involved in a foreclosure suit. The defendant, guarantor, is appellant. His grantors of the land involved which was subsequently conveyed to him are the mortgagors, the parents of appellant. While the note which the mortgage was given to secure was still enforceable, the bar of the statute of limitations not having yet arisen, the appellant signed an indorsement on the back of the note reading as follows: "In consideration

of further time granted by Helen M. Miller, the undersigned hereby guarantees payment of the within note on demand at any time six years from September 7, 1921."

Eliminating one point the decision of which is unnecessary if we sustain appellee's construction of this language, the single question presented is its meaning. The appellee, successor in interest to the original payee, contends it amounts to an extension of the note so far as guarantor is concerned for a period of six years from September 7, 1921, date upon which the trial court found the guaranty to have been signed; that payment not being made within such period by the original makers, upon demand thereafter, the holder might start the running of the statute in favor of the guarantor.

. The trial court found demand to have been made upon the guarantor, appellant, on March 15, 1922, and on September 15, 1922, so that, if either such demand becomes the starting point for running of the statute, the suit against guarantor out of which this appeal arises was barred at the time same was filed. The makers of the note became nonresidents of New Mexico within one year following its execution and continued as such thereafter and were such at the time of trial, although they appeared in the cause.

The trial judge, while perhaps placing greater reliance upon the fact that no demand on the makers was shown, as reflected by his remarks, also held and found in accordance with appellee's contention that the guaranty contemplated a six-year extension. Upon conclusion of the evidence, he said:

"I believe it to be the law the statute of limitations does not run against a guarantor until default of his principal. Whatever time was given to the principal would be the beginning of the running of the time against Mr. Levers. There is no testimony in this case which shows any demand to have been made, at any time, upon the makers of the note. Whatever demand was made, was made upon Mr. R. E. Levers. I don't think this language is so terribly ambiguous. It is unfortunately used, I think. I am going to interpret it to mean that there was an extension for over six years time, that that was in contemplation of the parties, and they acted accordingly, and the note is fully in effect and rescued the mortgage. The judgment would be for the plaintiff for the remainder and foreclosure of the mortgage against all parties."

He refused a specially requested finding by appellant, reciting, "The court finds that the meaning and intent of said guarantee above set out is, that said R. E. Levers became liable and bound to pay the note upon which the same was written, upon demand of payment on him, at any time from September 7, 1921, to September 7, 1927," and affirmatively found "That the defendant, R. E. Levers, for a valuable consideration, guaranteed the payment of said note, and that said guaranty was for a period of six years from and after September 7, 1921, which said period expired on September 7, 1927."

The original makers of the note as well as appellant being before the court, it rendered judgment for the amount due on the note,

which at the time of trial, inclusive of costs and attorney's fees, was the sum of $474.32. It also decreed a foreclosure of the mortgage and sale of the premises to satisfy the judgment rendered. The appeal before us seeks a revision and correction thereof.

■ We think the trial judge properly construed the language employed. The meaning attributed to it by him certainly cannot be said to be unreasonable and, indeed, fairly arises upon the language used when all of it is considered together.

The situation of the parties at the time of the guaranty was such that within one week thereafter the note would become outlawed, except as affected by the nonresidence of original makers. This circumstance suggests the imminence of suit. Then a guaranty is signed the very first words of which are: "In consideration of further time granted by Helen M. Miller," etc.

The appellant to support his position is put to the contention that the moment after signing the guaranty the holder might have made demand upon guarantor and, payment being refused, hold him exposed on his guaranty to immediate suit. Surely this cannot be its meaning. It recites that the consideration for the guaranty is the granting of "further time." "Further time is not granted in legal contemplation except as the extension promised may be enforced, not left to the changing whim or fancy of the promisor.

Furthermore, if the language mean what appellant contends, the phrase, "at any time six years from September 7, 1921," becomes mere surplusage. It adds nothing to supply these words. Certainly, a demand guaranty is subject to enforcement "at any time within six years" (the meaning contended for by appellant), without the use of such words. It is to be noted, too, that the word "within" does not appear in the guaranty before the words "six years."

If we adopt appellant's construction, we must lift from the guaranty and construe alone the middle phrase, "the undersigned hereby guarantees payment of the within note on demand," ignoring and denying effect to the language both preceding and following it. This, under elementary rules of construction, we should not do.

Obviously, the guarantor was contracting for something beneficial to the makers. It appears they were his parents. The situation of the parties even suggests that he was an accommodation guarantor. Now he had availed the makers nothing, and on the contrary had immeasurably prejudiced himself, if the makers continued liable to suit and he could be rendered so by demand immediately after signing the guaranty. The legal effect of the guaranty must be just this: A demand was permissible instanter, as appellant agrees and contends, or the guaranty contemplates and assures an extension of the note certainly for some period of time.

■ Then for what period? And where must we seek to ascertain the period intended? Truly, we must look to the language used in the first instance. If we there find a time expressed, we need go no further. It is only where the parties themselves have

failed to express a time that the law steps in and with a permissible arbitrariness says they must have intended "a reasonable time."

We need not go beyond the literal meaning of the language employed to find an answer to the inquiry. The language is not ambiguous. Words must be added by implication to those used to make it so. An agreement to pay a note "on demand at any time six years from September 7, 1921," is not an agreement to pay it "on demand at any time within six years from September 7, 1921." No point of time less than the six-year period preceding September 7, 1927, answers the call for "any time six years from September 7, 1921." But any point of time, near or remote, beyond six years from said date, does. Hence we are not called upon to invoke a legal or judicial standard of time, for use only where none is expressed and which must be supplied by construction.

Testimony was offered tending to show that the "understanding of the parties was that there was an extension granted for six years, provided demand was not made at any time before that." The banker who admitted he handled the extension for mortgagee and wrote the guaranty on the note so testified. Appellant testified, in substance, to the same understanding. It is apparent that the trial court, while hearing this testimony, did not allow it to vary the plain meaning of the language employed in the writing.

Of course, if a writing be ambiguous, parol testimony and practical construction by the parties may be resorted to as an aid in arriving at its true meaning. But it is not permissible by such testimony to vary a meaning fairly arising upon the words used.

Furthermore, demand alone within the six-year period was equivocal. Naturally, the mortgagee wanted her money, even before she had the legal right to sue for it. If she could get it by demand, that would end the matter. The question is not so much whether demand could be made short of the six years, but whether suit could be maintained after demand within such time. It is significant that no suit was ever filed prior to expiration of the six years. And it is upon this circumstance that the appellant now relies to defeat the claim.

We agree with the interpretation placed upon the written guaranty by appellee and adopted by the trial court. The judgment will therefore be affirmed, and the cause remanded, with directions to the trial court to enter judgment in appellee's favor against the sureties on appellant's supersedeas bond. It is so ordered.

WATSON, C. J., and BICKLEY and ZINN, JJ., concur.

HUDSPETH, Justice (dissenting).

I am unable to agree that "in consideration of further time granted by Helen Miller," appearing in the contract of guaranty, may be read "in consideration of six years further time granted by Helen Miller." An extension of a note originally due one year after date for a period of six years is unusual. This guaranty contract was drawn by

a banker, and it will come as a surprise to the banking community that the familiar phrase "further time" may be given the meaning placed upon it by the court. There is no dispute between the parties as to the real agreement.

"The law cannot reasonably impose obstacles, under the guise of rules of evidence, to the establishing of facts about which originally there was no dispute or misunderstanding." Stearn on Suretyship, p. 57.

The vital question in the case is, "When did the right of action accrue to Helen Miller?" It is admitted that appellant guaranteed the payment of the past-due note, and no question is raised as to the sufficiency of the consideration, although it appears from the findings of the court that more than six months—a reasonable time—elapsed after the date of the contract of guaranty before demand was made. It has been held that: "A guaranty of a note in consideration of an extension of time of payment is not invalid because there is no definite time fixed for such extension where there is an actual forbearance for a reasonable time." Note, page 68, Stearn on Suretyship.

It thus appears that if the sufficiency of the consideration had been questioned, the indefiniteness of the period of the extension of the note would not have been fatal.

Appellant's third point relied upon for reversal reads as follows: "3. The court erred in refusing to adopt appellant's requested finding of fact No. 5 (Tr. R. p. 13) and in refusing to hold that no suit or action upon such note or guaranty was commenced within six years from the date of demand for payment of the said note made upon the said R. E. Levers."

If the extension of the note was for an indefinite time, the demand made ended the period of forbearance, and the right of action accrued.

"The statute of limitations begins to run upon a contract of guaranty the moment a right of action upon the contract accrued, not before." 37 C. J. p. 837.

Is the contract of guaranty ambiguous? An attempt to reconcile the comments on this language in the opinion of the court with the pronouncement of the learned trial judge quoted therein and the finding prepared by the able counsel of appellee will disclose a want of absolute unanimity as to its meaning.

Chief Justice Rugg, in Merrimac Chemical Co. v. Moore, 279 Mass. 147, 181 N. E. 219, 221, said: "The real question to be determined in the case at bar is the meaning of the guaranty, including ascertainment of the person intended to be benefited thereby, as disclosed by its words read in the light of the knowledge of the parties touching the facts, their relations to each other and to the transaction, and all other material circumstances to the end that by a fair and reasonable interpretation the purpose of the parties may be given effect."

See, also, Sun Oil Co. v. Heller, 248 N. Y. 28, 161 N. E. 319.

"If a mutual understanding of the parties cannot be established by reference to the

context, the declarations and conduct of the parties or the surrounding circumstances, the construction placed upon the contract by the promisee, upon which he acted, should prevail without regard to the understanding of the promisor, providing such construction by the promisee was reasonable."

I am unable to concur in the view of the case taken by the majority of the court, and I therefore dissent.