337 P.2d 402

**M. M. SCHOONOVER, Plaintiff-Appellee,**

**v.**

**Sanford CAUDILL and Mildred Caudill, Defendants-Appellants.**

**No. 6484.**

Supreme Court of New Mexico.

March 24, 1959.

William H. Darden, Raton, for appellants.

Manuel A. Sanchez, Melvin Yost, Santa Fe, for appellee.

SADLER, Justice.

The defendants, husband and wife, who are the appellants in this Court (and the parties will be referred to here as below) seek the review of a money judgment against both of them, in the one instance, and in another, against the husband alone. They were sued upon a complaint describing two separate promissory notes, reading as follows:

"Liberal Kansas, Nov. 8, 1947

"——— days after date, I, we, or either of us, promise to pay to the order of ~~The Citizens State Bank, Liberal, Kansas,~~ M. M. Schoonover, Tucumcari, N.M. at its office in Liberal Kansas, Twenty-Five Hundred Dollars with interest at the rate of 8 per cent per annum from Nov. 8, 1947, until paid. Value received. Interest payable ——— annually and if not paid when due to become as principal and bear the same rate of interest. The makers and endorsers hereof waive presentment, notice of non-payment and protest. To become due 60 days after notice of request for payment.

"(sgd) Sanford Caudill
"(sgd) Mildred Caudill
"P. O. Tucumcari, New Mex.
"No. 1302 S. 1st."

"Tucumcari, N. M.
"~~Liberal, Kansas~~
"Nov. 29, 1947 $3000.00

"——— days after date, I, we, or either of us, promise to pay to the order of ~~The Citizens State Bank, Liberal, Kansas,~~ M. M. Schoonover, at its office in ~~Liberal, Kansas,~~ Tucumcari, N.M. Three Thousand Dollars with interest at the rate of 8 per cent per annum from Nov. 29, 1947, until paid. Value Received. Interest payable ——— annually and if not paid when due to become as principal and bear the same rate of interest. The makers and endorsers hereof waive presentment, notice of nonpayment and protest.

"Due—60 days after date
of notification of due
"P.O.
"No. -2-    (sgd) Sanford Caudill"

The complaint contained two counts, the first of which described the joint note and the second of which the note signed by the husband alone. The third paragraph of the first count alleged demand upon Sanford Caudill, the husband, on January 16, 1956, and upon Mildred Caudill on January 17, 1957. In the same numbered paragraph in the second count, the complaint alleged notice to the defendant, Sanford Caudill, that the note signed by him alone would become due 60 days from the date of the notice at which time he, the plaintiff, would expect payment thereof.

In their answer, the defendants denied, generally, the allegations of the complaint

and pleaded affirmatively and specially the six-year statute of limitations as contained in 1953 Comp., § 23–1–3. Indeed, defendants affirmed that they had never intended the writings signed by them as promissory notes but rather that they and plaintiff had an oral agreement whereby they were to enter a joint venture in conducting farming and livestock raising operations.

The trial court found that demand had been made on defendants on the joint note on the dates alleged and, on the note signed by the husband alone, that notice was given him on January 16, 1957, his note would become due 60 days from such date, when payment would be expected.

The court further found the defendants were indebted to plaintiff on the joint note in the sum of $2,500, with interest at 8 per cent. per annum from November 8, 1947. It further found the husband alone indebted to plaintiff in the sum of $3,000 with interest at rate of 8 per cent. per annum from November 29, 1947, until paid. It concluded the plaintiff was entitled to judgment against the parties defendant, respectively, for the amounts indicated as due from each and that the statute of limitations pleaded by plaintiff was not a bar to his recovery from defendants of the amounts found due from them. Judgment was entered in conformity with the findings and conclusions from which this appeal is prosecuted.

Relying strongly on the general rule that the statute of limitations begins to run against the ordinary demand note from the date of its execution, rather than from the time of demand, counsel for defendants cites many cases and texts supporting the general doctrine to the effect above indicated. An annotation of the subject in 44 A.L.R. 397, in the plaintiff's brief in chief, in initiating the discussion states the following:

"It is well settled that the Statute of Limitations begins to run against an ordinary promissory note payable on demand from the date of its execution, and not from the time of the demand."

Decisions from some thirty jurisdictions, including cases from England, as well as state and federal, are cited supporting the quotation above. And in 34 Am.Jur. 118, § 147, Limitation of Actions, it is stated:

"In the absence of anything in the instrument itself or in the circumstances under which it was given indicating a contrary intention, the statute of limitations begins to run against an ordinary promissory note payable on demand from the date of its execution, and not from the time of the demand. Within the operation of this general rule are held to be notes payable 'when called for,' 'on demand after date,' 'in any time within six years from this date,' and the like. * * *"

Indeed, there is no challenge by counsel for either party to the statement of the general rule as quoted above from American Jurisprudence and the annotation in American Law Reports. As usual the divergence of views emerges when it is sought to apply the doctrine to the factual situation before the court. Counsel for both parties agree there is no decision of this Court upon the precise point, though both seek to gain support for the position each maintains from our past decisions that make the nearest approach to a voice on the subject.

First, counsel for the plaintiff quote the governing statute of limitations, 1953 Comp., § 23–1–3, with emphasis as supplied by them, reading:

"23–1–3. Notes—Written instruments—Judgments of courts not of record—Six-year limitation—Computation of period.—Those founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record, within six (6) years.

"Provided, however, That (should) (if) the payee of any bond, promissory note, bill of exchange or other contract in writing or upon any judgment of any court not of record, has heretofore or shall hereafter enter into any contract or agreement in writing to defer the payment thereof, *or contract or agree not to assert any claim against the payor or against the assets of the payor until the happening of some contingency, the time during the period from the execution of such contract or agreement and the happening of such contingency shall not be included in computing the six-year period of limitation above provided.*" 1953 Comp. (Emphasis supplied by plaintiff).

Counsel for the defendants place great reliance on an application of the general doctrine and such cases as Palmer v. Palmer, 36 Mich. 487, 24 Am.Rep. 605; Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 44 A.L.R. 393; Knapp v. Greene, 79 Hun 264, 29 N.Y.S. 350, and Carrasco v. Greco Canning Co., 58 Cal.App. 2d 673, 137 P.2d 463. Counsel for both parties draw some comfort from the annotations appearing in 44 A.L.R. 397, cited, supra, and 159 A.L.R. 1021, the latter covering slightly different phases of the same general subject.

That the straight out and out note payable on demand starts the statute running from its date, there can be no doubt. We recognized as much in Maffett v. Emmons, 52 N.M. 115, 192 P.2d 557. It is just as obvious, however, from a reading of the texts, annotations and decided cases that there is a conflict of authority upon the time when the statute begins to run where

the note is made payable so many days "after demand" or, as in case of these notes so many days "after request for payment," or "———— days after notification of due." One has only to examine the annotations cited, supra, to confirm this fact. Take for instance the very first sentence in the quotation by counsel for defendants from the article in 1958 supplement to 34 Am.Jur., at page 21, which reads:

"But, in many cases involving contracts for the payment of money on demand (most of them loan transactions) the view has been taken that actual demand was required and that the statute could run merely from the time of demand."

It is also stated in the annotation in 159 A.L.R. 1021, that:

"The decisions agree that parties may contract in such manner as to render an actual demand before suit essential to accrual of a right of action; and further, that limitation statutes do not run against an action prior to its accrual. Yet, in the American cases, instances are fairly numerous in which the contractual right is recognized but in which the plea of limitations is upheld notwithstanding the suit was brought within the limitation period after demand."

Several New Mexico cases have been brought to our attention, but none exactly in point. In Cullender v. Levers, 38 N.M. 436, 34 P.2d 1089, 1090, we were called upon to construe a contract of guaranty, reading:

"In consideration of further time granted by Helen M. Miller, the undersigned hereby guarantees payment of the within note on demand at any time six years from September 7, 1921."

Touching the effect of this language, we said:

"* * * The legal effect of the guaranty must be just this: A demand was permissible instanter, as appellant agrees and contends, or the guaranty contemplates and assures an extension of the note certainly for some period of time.

"Then for what period? And where must we seek to ascertain the period intended? Truly, we must look to the language used in the first instance. If we there find a time expressed, we need go no further. It is only where the parties themselves have failed to express a time that the law steps in and with a permissible arbitrariness says they must have intended 'a reasonable time.'

"We need not go beyond the literal meaning of the language employed to find an answer to the inquiry. The language is not ambiguous. Words must be added by implication to those used

to make it so. An agreement to pay a note 'on demand at any time six years from September 7, 1921,' is not an agreement to pay it 'on demand at any time within six years from September 7, 1921.' No point of time less than the six-year period preceding September 7, 1927, answers the call for 'any time six years from September 7, 1921.' But any point of time, near or remote, beyond six years from said date, does. Hence we are not called upon to invoke a legal or judicial standard of time, for use only where none is expressed and which must be supplied by construction."

The case of Bank of Commerce v. Harrison, 11 N.M. 50, 66 P. 460, was an action on a certificate of deposit for money left with a bank. The first paragraph of the syllabus epitomizes the court's holding and reads:

"A certificate of deposit, like a deposit credited in a passbook, represents money actually left with the bank for safe-keeping. It is to be retained by the bank until demanded by the depositor, and the statute of limitations does not begin to run against it until presentation and demand of payment."

We also had something to say bearing upon the time when a statute of limitations begins to run as governed by the language of the document in question, to wit, a mortgage, in Buss v. Kemp Lumber Co., 23 N. M. 567, 170 P. 54, 55, case note L.R.A. 1918C, 1015. We quoted approvingly in this case from Snyder v. Miller, 71 Kan. 410, 80 P. 970, 69 L.R.A. 250, as follows:

" 'But a more fundamental consideration is that the parties made the contract. * * * Its language excludes the idea that the creditor may or may not "treat the debts as due." It becomes due in fact. If an election were all that the parties intended, words appropriate to that purpose should have been used.'

"The same quoted case also contained this statement:

" '*The question at last is one of construction of the language used, and that which makes it mean just what it says is not without reason or good authority to support it. * * *'* '" (Emphasis ours).

The overall picture in Carmichael v. Rice, 49 N.M. 114, 158 P.2d 290, 292, 159 A.L.R. 1072, is so different from that presented here as to make it of little value in our present case. Nevertheless, language of the court in discussing one phase of the case might be thought to throw some light on our current problem. It does so impliedly, to say the least, in view of the presence in the note of the phrase "without *demand* or *notice*" (emphasis ours) and their waiv-

er, as reflected by the third paragraph of the syllabus.

In view of our language in the New Mexico cases cited and, more especially, when we consider those cases against the background of such of the New Mexico decisions as preceded the amendment by L. 1939, c. 89, § 1, of 1953 Comp., § 23–1–3, quoted, supra, it is difficult to disagree with the position urged upon us by counsel for plaintiff. The pertinent language of the proviso, appended to the limitations statute in question, which we ask your indulgence in quoting again, reads:

"Provided, however, That if the payee of any * * * promissory note * * * has heretofore or shall hereafter enter into any contract or agreement in writing to defer the payment thereof * * * until the happening of some contingency, the time during the period from the execution of such contract or agreement and the happening of such contingency shall not be included in computing the six year statute of limitation above provided."

■ If the foregoing language means anything at all, it is that the agreement written into these notes that payment would be deferred for 60 days after demand (the language of both, in effect, being the same), the period between their dates and demand is not to be counted "in computing the six-year period of limitation." We may surmise, speculate and guess as to the object of this proviso to our hearts' content and we are driven inexorably right back to the face of the language, itself, to find its meaning.

■ However much we engage in the sport of legal calisthenics or tumbling, in an effort to find purpose, end or aim, apart from that proclaimed by its very language, we find ourselves, at last, to have tumbled right onto the doorstep of the only meaning possible, namely, that lifted from the words themselves. Where language of a statute is plain, meaningful, and unambiguous, there is no room for construction. One has come, already, to the furrow's end. Atlantic Oil Producing Co. v. Crile, 34 N. M. 650, 287 P. 696; Gonzales v. Sharp & Fellows Contracting Co., 51 N.M. 121, 179 P.2d 762.

It follows from what has been said that the judgment under review is free from error and should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.