## BURT et al. v. BURT et al.

No. 7313.   Decided August 23, 1949.   (209 P. 2d 217.)

See 20 C. J. S., Deeds, sec 48. Conditional delivery of deeds, see note, 141 A. L. R. 305. See, also, 16 Am. Jur. 506.

*Gaylen S. Young,* Salt Lake City, for appellants.

*Merrill C. Faux,* Salt Lake City, for respondents.

PRATT, Chief Justice.

The main issue in this case is that of the passing of title by the delivery of a deed. John A. Burt was a polygamist and father of two families. The defendants are the mother and children of his first family; the plaintiffs are the mother and children of the polygamous family. Hereafter we shall speak of the polygamous family as the plaintiff and her children; and the other family as defendant and her children.

Plaintiff and her children instituted this proceeding to set the deed in question aside as void. This was her first cause of action. The second cause of action we shall mention later.

The father bought the real estate in question for plaintiff and her children, and had the deed made out with plaintiff's maiden name as grantee. This family lived upon the premises as their home; looked after it; improved it—the

father spending considerable time there working on the premises. Every Sunday he came to this family and took them to church. He declared to his neighbor's that this place was to be the home of his family—referring to plaintiff and her children. Plaintiff was subject to considerable illness in the nature of a nervous disorder. Sometimes she would become unconscious; and at other times become considerably confused. On several occasions the father had urged her to sign a deed to him of the property. She refused several times, but during an illness upon his insistence she signed the deed in question, with the intent, as she claims it to be that she was not then conveying title, but merely intended that if she died, the deed was to be used to convey the property to her children.

The father did not record the deed but apparently put it in his safe-deposit box, as it was found there after his death, and was recorded at the instance of counsel for defendant and her children. The property is now to be included as part of the father's estate; and would, upon distribution in intestate succession, go to defendant, her children, and the children of plaintiff—plaintiff, of course, being unable to share therein under the laws of succession by reason of a lack of valid marriage with the father. On the other hand, if the deed is void, the property is plaintiff's and upon her death—without will—would go to her children only.

Plaintiff's first cause of action contains these allegations:

"1. That the plaintiff, Geneve Graehl Burt, is the owner in fee of a valuable piece of ground in Salt Lake County, State of Utah, consisting of approximately 2.55 acres and described as follows: Commencing 1223.7 feet East from Northwest Corner of Section 34 Township 1 South R 1 East, Salt Lake Meridian, thence East 315 feet more or less to Salt Lake City Tract; thence South 99 feet; thence South 14°26'30" East 154.38 feet, thence West 44.3 feet South 128.8 feet to creek; Westerly along the creek to a point due South of beginning North 332 feet to beginning. 2.55 acres. Together with all water and water rights appertaining to said lands, including 1500 gallons per day from the Mill Creek; also 3/4/5 hours of water every 7 days of the Keller ditch.

"2. That said plaintiff came into ownership and possession of said tract of land on about the 15th day of August, 1939, and since that time has with her own hands and labor improved the said land by planting fruit trees and gardens thereon, and by removing stumps, dilapidated buildings and by landscaping said ground and improving other buildings thereon and by building new structures and permitting the building of other structures thereon which has greatly enhanced and improved the value of said property.

"3. That on the 30th day of September, 1920, plaintiff, Geneve Graehl Burt, entered into what she thought was a valid and legal marriage with one John A. Burt, and since that time through their relationship entered into as aforesaid, has given birth to and reared five children, the five plaintiffs last named above.

"4. That since the beginning of said relationship, said plaintiff and the said John A. Burt lived together as man and wife; that the said John A. Burt was a man of strong character with definite opinions and ideas who treated plaintiff and the five children aforesaid with strictness and firmness demanding obedience in all things; that said John A. Burt was a man of unusual business ability, and obtained the respect and confidence of these plaintiffs in all matters pertaining to business and business transactions.

"5. That said plaintiff through most of her life has been afflicted with a nervous ailment, which at intervals has prostrated said plaintiff and which since the time of her said marriage to the said John A. Burt, has at times caused her to be dependent upon the said John A. Burt for help and assistance in maintaining herself and her home, and until the said children became old enough to be of assistance to her, at the time of the onset of said nervous spells as aforesaid, she was entirely dependent upon the said John A. Burt; that during some of the more severe spells of sickness aforesaid, plaintiff has been unconscious and otherwise unable to give consideration to business affairs or matters concerning herself or her property or to act rationally in the conduct of her affairs.

"6. That on or about the 12th day of March, 1941, said John A. Burt caused said plaintiff to sign a deed, in which she was the grantor and he was the grantee of the property described in paragraph #1 hereof; that said plaintiff had theretofore refused to sign such a deed but did so upon this occasion at the instance and request and under the direction of the said John A. Burt, who stated to said plaintiff that because of the possibility that she would not recover it would be better that she sign a deed *conveying the property* [italicized words stricken] to him; that in reliance thereon and under the direction and under the influence and domination of the said John A. Burt, said plaintiff did sign the deed aforesaid, but did

not appear before a notary public for the purpose of having her signature thereon acknowledged and did surrender the said deed to said John A. Burt.

"7. At the time of signing said deed and *delivering it to the said John A. Burt,* [italicized words stricken] said plaintiff did not receive any compensation or other consideration for said deed, but *delivered it to* [italicized words stricken] signed the deed for [interlined] the said John A. Burt because of her reliance upon him and because of the great influence and domination which he exercised over her; that thereafter said plaintiff saw nothing more of said deed and heard nothing more of it until during the month of May, 1948, when the said deed was found in the deposit box of the said John A. Burt following his sudden death, by defendant, Luella H. Burt, the administratrix of his estate.

"8. That the said Luella H. Burt had taken possession of said deed and has refused to deliver it up to said plaintiff and has caused said deed to be recorded in the office of the County Recorder of Salt Lake County, Utah, and has informed said plaintiff that she intends to list said property as part of the assets of the estate of said John A. Burt, and to deprive said plaintiff of it as her home and to divide it up among the heirs at law, including herself, of the said John A. Burt, deceased."

The striking of words, and the insertions arose out of the court's permission granted plaintiff to amend the pleadings to avoid any question of having admitted a delivery of the deed.

At the pretrial hearing the court developed these issues, among others, upon which testimony was to be submitted:

"3. Was there a valid delivery of the deed, Exhibit A?

"4. Was there a valid consideration for the deed, Exhibit A?

"5. Was the delivery of Exhibit A for a special purpose only and without the necessary intent to vest title in the grantee?"

The lower court found after trial that there was no consideration for the deed; that plaintiff did not intend to pass title to the property at the time of the deed; that she did not deliver the deed to the deceased; that it was testamentary in character; and concluded that the deed was void and should be cancelled. This appeal followed.

Defendant and her children maintain that the court should have sustained a demurrer to each of the causes of action [we are just discussing the first cause now] ; that the court was in error in making delivery an issue for trial and that the evidence does not support his findings of fact. They contend further that the court erred in permitting plaintiff to testify as to what she intended in signing the deed. Incidentally, she did not appear before a Notary Public to acknowledge the deed, and she disclaims having talked to one over the phone as to the deed. The Notary Public, however, says that her home was called on the phone and he took her acknowledgment over the phone.

Quite aside from any question of the effect of pleadings upon the establishment of issues for trial, at a pretrial hearing, there is nothing in the procedure here that indicates any procedural error on the part of the court. It seems quite obvious from the pleadings of plaintiff ∎ and her children that they were attacking the possession of the deed by the father as indicative of a valid transfer of title. Judging from the results of the pretrial hearing, the lower court was of the opinion that that was the big issue in the case, and he narrowed the issues requiring proof down to those quoted as being the crucial ones. It seems apparent from the issues he thus established that he felt that the inclusion in the pleadings of any admission of delivery were not intended as such but were an inadvertence in pleading; and for that reason he permitted the pleadings to be amended to avoid any question of such an admission.

What then, about the question of delivery? Was there a delivery? Was there an intent upon the part of the grantor to convey title at the time that the deed passed into the hands of the father?

Deeds can be delivered conditionally—that is to take effect only upon the happening of a contingency. When so delivered they have no immediate effect upon the title of

the land. Furthermore, to prove that a deed was so delivered is not a violation of the parol evidence rule, as defendant and her children seem to maintain. *Mower* v. *Mower*, 64 Utah 260, 228 P. 911; *Reed* v. *Knudson*, 80 Utah 428, 15 P. 2d 347; *Stanley* v. *Stanley*, 97 Utah 520, 94 P. 2d 465; *Allen* v. *Allen*, 115 Utah 303, 204 P. 2d 458.

We are of the opinion that the lower court was correct in finding that the deed was not delivered with any intention to then pass title to the father. The preponderance of the evidence supports that view. A very strong point in favor of plaintiff's contention is that the father never placed the deed on record. His retention of the deed is indicative of the fact as plaintiff claims the fact to be: That the deed was only to be used in case of her death. (See generally citations above.)

The assignment of error that there is a variance between the pleadings and proof under the facts and record in this case is no longer of importance by reason of the pretrial proceeding and order. No record of the pretrial proceeding has been preserved.

We have considered the other assignments of error relative to the first cause of action and find that they are not well taken.

In view of our holding as to the first cause of action, it is not necessary for us to consider the second cause of action founded on the principles set out in *Jenkins* v. *Jenkins*, 107 Utah 239, 153 P. 2d 262.

Judgment of the lower court is affirmed. Costs to the respondents.

WADE, WOLFE, LATIMER and McDONOUGH, JJ., concur.