242 A.2d 298.

JOHN M. HEALY *et ux. v.* TIDEWATER OIL COMPANY.

MAY 20, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action of trespass and eject-ment to recover possession of premises owned by the plain-tiffs and leased to the defendant for a term of years for the operation of a gasoline service station. The case was tried to a jury in the superior court, and at the close of all the evidence the defendant moved for a directed verdict pursu-ant to the provisions of 50 (a) R.C.P. Decision on the mo-

tion for direction was reserved by the trial justice pursuant to the provisions of rule 50 (b), and the case was submitted to the jury. The jury subsequently reported that it was unable to agree on a verdict and was discharged by the trial justice, who thereupon granted the reserved motion for direction of verdict. Judgment entered for the defendant, and from that judgment the plaintiffs have prosecuted an appeal to this court.

It appears from the record that John M. Healy, hereinafter referred to as plaintiff, entered into an agreement on March 28, 1950, under the terms of which he would lease to Tidewater Oil Company, hereinafter referred to as defendant, a service station owned by him and located in the city of Cranston. The lease provided for an original term of 10 years and for three renewal terms of five years each, this option for renewal being subject to the condition that it be exercised by a notice in writing sent by the lessee to the lessor not less than 60 days prior to the expiration date of the term. The parties put into evidence two documents that obviously, as originally prepared, were duplicates and contained the same provisions for the beginning, the duration, and the end of the term of the lease. According to these documents as originally prepared, the term was to be for 10 years commencing on July 1, 1950 and ending on June 30, 1960.

However, as a result of changes made by interlineation on the face of each of these documents, they differ as to the termination date of the term of the lease. From the copy put into evidence by defendant, it appears that the altered agreement provides for the term to commence on September 1, 1950 and end on August 31, 1960. The changes made by this interlineation are initialed by both of the parties.

From the document put into evidence by plaintiff, however, it appears that while the term of the lease was to begin on the first day of September 1950, it was to end on

June 30, 1960. Again, the interlineation changing the commencement date is initialed by both parties. In other words, the document put into evidence by plaintiff differs on its face from that put into evidence by defendant in that it does not disclose that any change was made in fixing June 30, 1960 as the termination date of the ten-year term of the lease.

We have in evidence two documents, each of which purports to constitute the lease entered into by the parties. They differ only in the date set out therein for the ending of the first ten-year term. This difference becomes important because defendant notified plaintiff of its intention to exercise its first right of renewal on June 27, 1960. Clearly, if the parties intended the term to end on June 30, the notice of intention to exercise the right of renewal was not filed prior to the sixty-day period provided for in the lease. On the other hand, if the termination date was intended to be August 31, 1960, defendant's notice of intention to exercise the right of renewal was timely.

The trial justice appears to have granted defendant's motion for a directed verdict on the ground that the existence of two documents, each bearing a different date for the ending of the term of the lease and each purporting to constitute the agreement of the parties, raised no jury question. As we understand him, he held as a matter of law that where the parties have agreed on the date for the beginning of the term of a lease and the duration thereof, a statement as to the date of termination inconsistent with the term thus agreed upon will be assumed to be the result of a mistake. He relies in so holding on the language stated in 1 Tiffany, *The Law of Landlord and Tenant*, §12 c (3) (d), p. 65. The rule thus stated by the text writer rests on the principle that in construing a lease "* * * the primary rule of construction is to seek the intention of the parties from the language which they have used to express it." *Humble Oil & Refining Co.* v. *Lennon,* 94 R. I. 509, 514,

182 A.2d 306, 309. It seems obvious that when the instrument sets out with clarity the date of the beginning of the term of a lease and the duration thereof, the intention of the parties is ascertainable from the language they used, and consequently an inconsistent date of termination might in appropriate circumstances be the result of mistake. However, this was not the issue raised in the instant case.

The issue here, in our opinion, is which of the two documents expresses the intention of the parties with respect to the date of termination of the term of the lease. There is evidence in the record adduced through plaintiff that while there was some discussion that the term would extend over a period of 10 years, he had objected to that term ending on August 31, because it would make it difficult for him to rent the property if defendant did not exercise its option to renew. The plaintiff testified further that the agreement that was finally made was not that the term would extend over a period of 10 years but would end on June 30, 1960.

There is then, in our opinion, evidence in the record from which the jury properly could find that the intention of the parties was as stated in the document introduced through plaintiff and that the parties intended that the term of the leasehold was to end on June 30, 1960. In such circumstances, it was error for the trial justice to grant the motion for a direction. It is settled that the duty of a trial justice, in passing on a motion for direction, is to view in a light most favorable to the adverse party, plaintiff here, the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable conclusion that may be reached is that the plaintiff is not entitled to recover. *Redding* v. *Picard Motor Sales, Inc.*, 102 R. I. 239, 229 A.2d 762; *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85. It is clear that the jury here, on the evidence, could have found that the parties intended the term to end on June 30, 1960.

The defendant suggests that because both documents contained the provision that the term of the lease shall be for 10 years, the admission of evidence to show that the term was for less than 10 years would violate the parol evidence rule. We think this misconceives the nature of the issue raised in this case. It is true that, in the absence of fraud or mistake, parol or extrinsic evidence is not admissible for the purpose of varying, altering, or contradicting a written agreement. *Supreme Woodworking Co.* v. *Zuckerberg,* 82 R. I. 247, 107 A.2d 287. In the instant case, however, we are not attempting to alter the terms of the agreement but to determine which of the two documents in evidence sets forth the agreement entered into by the parties. For this reason we think the parol evidence rule is without relevance here.

The plaintiffs' appeal is sustained, and the judgment entered is reversed.

*Charles H. McLaughlin,* for plaintiffs.

*Edwards & Angell, Stephen A. Fanning, Jr., V. Duncan Johnson,* for defendant.