244 A.2d 857.

EMILIE DIBATTISTA *vs.* JOHN BUTERA.

AUGUST 9, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J., with whom POWERS, J., joins. This is an action in assumpsit to recover money advanced pursuant to an agreement dated September 20, 1951. The action was commenced on June 15, 1964, prior to the effective date of the new superior court rules of civil procedure, but was

tried to a justice of that court, sitting without a jury, subsequent to the effective date of said rules. Following the trial, a judgment was entered for the plaintiff in the amount of $2,600 plus costs and interest. The defendant is in this court prosecuting his appeal from that judgment.

It appears from the record that on September 20, 1951, defendant and his wife signed a nonnegotiable demand note acknowledging the receipt of $2,600 from plaintiff, "As a Loan. To be paid at any time. @ no Interest." It is undisputed that this handwritten instrument was prepared to evidence a loan by plaintiff to defendant and his now deceased wife, plaintiff's sister. The money was loaned to enable defendant and his wife to purchase a one-family house in North Providence, in which plaintiff lived until December 1962 or January 1963. At that time plaintiff moved out, and immediately thereafter she made a formal demand on defendant for payment of the debt.

The trial judge specifically found, based on the uncontradicted testimony of defendant, that defendant and his wife had the right to repay all or part of the loan at any time at their convenience and that plaintiff knew the financial position of defendant and his wife and realized that it might be a long period of time before defendant could pay off the loan. He further found that plaintiff had the right to demand payment of the loan at any time, but it was understood that she would not make demand for payment so long as she was living in the house in North Providence. He noted that the obligation of defendant and his wife was a joint and several one, and that as no repayment had been made to plaintiff, the balance due was $2,600.

The trial justice recognized that plaintiff was entitled to recover unless barred by the statute of limitations. He went on to hold that in view of the relationship of the parties and the special purpose for which the loan was made, the agreement between the parties contemplated that a

formal demand be made before the defendant or his wife be required to repay the loan. Accordingly, he decided that plaintiff's right of action started to accrue from December 1962 and that when she commenced the instant suit in June 1964, her claim was not barred by the statute of limitations.

Both plaintiff and defendant agree that the statute of limitations[1] required that the instant suit "* * * shall be commenced within six (6) years next after the cause of action shall accrue, and not after." The defendant argues, however, that the trial justice erred when he held that the cause of action here did not accrue until demand was made in December of 1962.

The general rule is that a promissory demand note is payable immediately, and no demand is necessary to start the running of the statute of limitations. See 71 A.L.R.2d 284, 290, and cases cited therein. However, this general rule may not apply where there is something on the paper or in the circumstances under which it is given showing that an actual demand or delay for payment was contemplated by the parties before the statute of limitations would start to run. See *Id.*, at 309. In the latter cases, the *demand* being an integral part of a cause of action, or a condition precedent to the right to sue, the statute does not begin to run until a demand is made. See *Foreman* v. *Graham* (Tex. Civ. App.), 363 S.W.2d 371, 372. The question then is whether plaintiff's cause of action accrued and the statute of limitations started to run from the date of the delivery of the instrument or from the time an actual demand for repayment was made.

As has already been noted, the trial justice, based on the

[1] G. L. 1956, §9-1-16, was in effect at the time of the institution of the instant suit, but it was repealed and replaced, effective January 10, 1966, by the similar provisions of what is now §9-1-13, "Limitation of actions generally."

uncontradicted testimony of defendant, found that while plaintiff had the right to demand repayment of the loan at any time, it was understood that she would not make demand for repayment so long as she was living in defendant's house. He expressly held that in view of the relationship of the parties and the special purpose for which the loan was made, the agreement between the parties contemplated that a "formal demand" be made before defendant or his wife be required to repay the loan. It is well settled that where the parties submit their case on the law and the facts to a trial justice sitting without a jury, his findings of fact are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *Abilheira* v. *Faria,* 102 R. I. 214, 219, 229 A.2d 758, 762. Based on the circumstances and the relationship of the parties in this case, we find no error in the decision of the trial justice that plaintiff's cause of action accrued when the demand for repayment was made by plaintiff in December, 1962, and that, as the instant suit was commenced within the time prescribed by the statute of limitations, recovery is not barred.

Finally, the defendant suggests that as the writing indicating his indebtedness appears to be complete on its face, the admission of oral testimony is violative of the parol evidence rule. We think this misconceives the nature of the issue raised in this case. It is true that, in the absence of fraud or mistake, parol or extrinsic evidence is not admissible for the purpose of varying, altering, or contradicting a written instrument. *Supreme Woodworking Co.* v. *Zuckerberg,* 82 R. I. 247, 107 A.2d 287. In the instant case, however, we are not attempting to alter the terms of the agreement, but rather to determine when the parties contemplated that the plaintiff's cause of action would accrue. As oral negotiations or agreements which preceded or accompanied the execution of a written contract may be em-

ployed to explain its uncertain expressions but, except where reformation is sought, not to contradict and nullify its express terms, *cf. Eggers* v. *Eggers,* 79 S. D. 233, 110 N.W.2d 339, we think the parol evidence rule was not violated here. See also *Healy* v. *Tidewater Oil Co.,* 104 R. I. 81, 242 A.2d 298.

JOSLIN, J., with whom KELLEHER, J., joins. I agree with the result reached by the Chief Justice and my brother Powers, but not with their reasoning. The trial justice specifically found that the parties "* * * understood that she [plaintiff] would not make demand for payment so long as she was living in the house at 16 Peach Hill Avenue, North Providence." I accept that finding — which neither side challenges — because, notwithstanding the clear and unambiguous provisions of the instrument sued upon, parol evidence was available to establish that it was not to become effective until the occurrence of a future event and that it did not become an existing valid obligation until the happening of a contemplated condition, viz., the December 1962 or January 1963 removal of plaintiff from defendant's house. *Lopato* v. *Hayman,* 43 R. I. 271, 111 A. 529; *Parrillo* v. *Siravo,* 101 R. I. 524, 225 A.2d 515.

I cannot agree, however, that the trial justice should have been permitted to infer from the circumstances attendant upon the delivery of the note that a demand was intended as a condition precedent to the right to sue and that the statute of limitations did not commence to run until a demand was made.

As authority for allowing the trial justice to vary the explicit terms of the paper by the attendant circumstances and the relationship of the parties, the Chief Justice relies on *Foreman* v. *Graham, supra,* as well as on the cases appearing in an annotation at 71 A.L.R.2d 284, 309. Both, in my judgment, are inapposite in this case. In the *Fore-*

*man* case the suit was not on a note, but on various loan transactions none of which was in writing. And in the cases in the annotation from A.L.R., most, if not all, involved notes where the terms of payment were unclear. Thus, the note was payable in *Baxter* v. *Beckwith,* 25 Colo. App. 322, 137 P. 901, " — after date" with interest at 7 per centum per annum payable annually; in *Barron* v. *Boynton,* 137 Me. 69, 15 A.2d 191, "On Demand" with interest payable on the first day of each month and with monthly installments of $50 each; in *First Nat. Bank* v. *Bell,* 140 Okla. 24, 282 P. 147, "On demand, and, if no demand is made, then on Dec. 1, 1922 * * *"; and in *Schoonover* v. *Caudill,* 65 N. M. 335, 337 P.2d 402, where there were two notes, each was payable " — days after date" and one provided in addition that it was "To become due 60 days after notice of request for payment," whereas the other read that it was "Due — 60 days after date of notification of due."

Based on the peculiar fact situations of the cases referred to, I would have permitted parol evidence of the circumstances surrounding the transactions as well as of the relationship of the parties. I would have permitted this because in each instance the terms of the note as to payment were unclear and their meaning was reasonably susceptible to different conclusions. Not so, however, in this case where the obligation sued upon is unmistakably a demand note whose terms are not lacking in clarity.

Although we disagree on the law, the Chief Justice and I reach the same result. This is a coincidence attributable solely to the peculiar facts of this case. It would be otherwise were the facts different. We would be at odds, for example, if the plaintiff had vacated the defendant's premises in 1955 rather than in 1962 or 1963, and had deferred her demand for payment until 1958. Then, under my view, her 1964 suit would be barred because brought more than

six years following the happening of the condition precedent, whereas under the Chief Justice's view it would be permitted because commenced within six years of the date of the demand.

PAOLINO, J., concurs in the result.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*F. Monroe Allen,* for plaintiff.

*Bucci & Rao, Richard A. Ciccone,* for defendant.