[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is a motion for summary judgment by the defendant, Robert J. Mikolajewski, pursuant to R.C.P. 56.
The above action was instituted by the plaintiff, Joseph F. Such, on July 22, 1991, to recover sixty-five thousand ($65,000.00) dollars due and owing by defendant under a promissory note signed by him on April 21, 1976. Said note consolidated a number of previous debts owed to the plaintiff by defendant from various past transactions. The language of the note reads as follows:
 For value received Robert J. Mikolajewski and Mr. Realty, Inc., jointly and severally, promise to pay to Joseph F. Such, or order the sum of sixty five thousand (65,000.00) dollars upon demand plus interest at the rate of ten (10%) percent per annum.
By its terms, the above document can be classified as a demand note. A demand note is defined as an instrument payable on demand including those payable at sight or on presentation and those in which no time for payment is stated. R.I.G.L. 1956 (1985 Reenactment) § 6A-3-108.
Further, a cause of action against a maker or an acceptor accrues in the case of a demand instrument upon its date or, if no date is stated, on the date of issue. R.I.G.L. 1956 (1985 Reenactment) § 6A-3-122.
FACTS
The note in this case was issued on April 21, 1976, but the plaintiff failed to initiate the above action until July 21, 1991. Therefore, the defendant asserts that the plaintiff is thereby barred from maintaining said action under the applicable statute of limitations. According to R.I.G.L. 1956 (1985 Reenactment) § 9-1-13:
 Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after.
The general rule is that a promissory demand note is payable immediately, and no demand is necessary to start the running of the statute of limitations. DiBattista v. Butera, 104 R.I. 465, 467, 244 A.2d 857, 859 (1968). In reliance on the argument that the statute of limitations had expired, the defendant has requested summary judgment in the instant matter.
STANDARD OF REVIEW
Summary judgment is a means of curtailing litigation in its early stages if it is found that no genuine issue of material fact requires resolution. Trend Precious Metals Co. v.Sammartino Inc., 577 A.2d 986, 988 (R.I. 1990). It is also clear that summary judgment is a drastic remedy and should be applied cautiously. Rustigian v. Celona, 478 A.2d 187 (R.I. 1984). The purpose of the summary judgment procedure is issue finding, not issue determination. Industrial National Bank v. Peloso,121 R.I. 305, 397 A.2d 1312 (1979). Further, the trial justice may not pass on the weight or credibility of evidence. Id.
THE STATUTE OF LIMITATIONS
With respect to the statute of limitations regarding a demand note, the general rule previously set forth may not apply when there is evidence, either written or, in the circumstances under which it is given, which tends to show that an actual demand or delay for payment was contemplated by the parties before the statute of limitations would start to run. DiBattista, 104 R.I. at 467, 244 A.2d at 859. Demand being an integral part of a cause of action or a condition precedent to the right to sue, the statute does not begin to run until a demand is made. Id.
The plaintiff asserts that the circumstances of the agreement and relationship of the parties were such that delayed payment was contemplated in this situation. Therefore, plaintiff contends that the statute of limitations did not begin to run immediately on the date the note was issued, but rather on the date demand was made by letter from plaintiff's attorney on August 9, 1990.
To determine whether delayed payment is justified by the circumstances would require this court to look beyond the face of the document. Defendant avers that such action would violate the parol evidence rule. Under said rule, the defendant claims, this court cannot view the facts surrounding the note but only the note itself. Therefore, since the note is a demand document on its face, the statute of limitations began to run on the date of issue, April 21, 1976, and has expired as of the date of this action. Consequently, defendant asserts that this court must grant summary judgment as a matter of law and dismiss the plaintiff's action as untimely.
In the absence of fraud or mistake, parol evidence is not admissible for the purpose of varying, altering, or contradicting a written agreement. American Underwriting Corporation v. RhodeIsland Hospital Trust Co., 111 R.I. 415, 303 A.2d 121 (1973). InLisi v. Marra, 424 A.2d 1052, 1055 (R.I. 1981), the defendant contended that the trial justice was in error when he rejected testimony tending to prove the existence of an oral agreement between the parties. The Court stated that even were it to assume such an agreement existed, they were precluded from considering its impact on the written terms of the note because of the parol evidence rule. Id. In general, this rule prohibits introduction of extrinsic evidence to change, vary or alter the written terms of an agreement. Id.
However, although this court is mindful of the above, the court also recognizes that the parol evidence rule does permit introduction of extrinsic evidence to change, vary or alter written terms of an agreement when it is offered to show a condition precedent to the existence of a contract. Bissette v.Hanton City Realty Corp., 529 A.2d 139, 142 (R.I. 1987). In addition, parol evidence may also be admitted to supplement an agreement that is incomplete or ambiguous on its face. Lisi,424 A.2d 1052, 1055 (R.I. 1981). Further, parol evidence has been allowed to demonstrate that the taking effect of instruments such as promissory notes, contracts of sale, or deeds was intended by the parties to be conditioned upon the performance of some future act or the happening of some subsequent occurrence. AmericanUnderwriting Corporation, supra, at 415, 303 A.2d at 125.
This court is satisfied that the circumstances surrounding the making of said note justify the admission of parol evidence to determine whether a condition precedent existed outside the face of the agreement. The relationship of the parties lends support to the inference that the document was incomplete on its face thereby necessitating the court to look beyond it to determine the true intent of the parties. Whether demand for payment was made upon issuance of the note or some time thereafter becomes a question of fact on admission of parol evidence. Therefore the action cannot be summarily dismissed as a matter of law without further examination of the facts. The court must examine the facts to determine the definition of "in-time" with reference to the instant case.
Consequently, for the reasons set forth herein, defendant's motion for summary judgment is denied. An order shall enter consistent with this decision.